UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
EDWINA SODERBLOM,

                              Plaintiff,

v.                                            **ORDER**

URSTADT BIDDLE PROPERTIES, INC.        21-CV-00492 (PMH)
d/b/a TOWNE CENTRE AT SOMERS and
CVS PHARMACY, INC.,
                              Defendants.
----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

        On or about January 7, 2021, Plaintiff Edwina Soderblom commenced an action in the Supreme Court of the State of New York, County of Westchester against Defendants Urstadt Biddle Properties, Inc. d/b/a Towne Centre at Somers ("Urstadt") and CVS Pharmacy, Inc. ("CVS" and collectively, "Defendants") by the service and filing of a Summons and Complaint. (Doc. 4, "Not. of Removal ¶ 1; Doc. 4-1, "Compl."). On January 20, 2021, CVS removed this action from state court pursuant to 28 U.S.C. §§ 1441 and 1446. (Not. of Removal ¶¶ 3, 7-8).

        Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). For the reasons set forth below, the Court finds that it does not have subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and remands the case to the state court from which it was removed.

        Pursuant to 28 U.S.C. § 1441, "any civil action brought in state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where

1

the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While a defendant need not "prove the amount in controversy to an absolute certainty," the defendant "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id.* (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* (quoting *Lupo*, 28 F.3d at 273–74).

Plaintiff's Complaint alleges that she was injured while walking on uneven and/or broken pavement with a shopping cart due to Defendants' alleged negligence. (Compl. ¶¶ 65-71). In an action to recover damages for personal injuries in New York, a plaintiff's complaint "shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems [herself] entitled." N.Y. C.P.L.R. § 3017(c). Thus, Plaintiff's Complaint does not state a specific sum of money she seeks to recover from Defendants and asserts only that she seeks "a sum of money exceeding the jurisdictional limits of all other court[s]." (Compl. ¶ 80). If removal of a civil suit from state court to federal court is premised on 28 U.S.C. § 1332(a) and "[s]tate practice . . . does not permit demand for a specific sum," removal is proper only "if the district court finds, by

the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28. U.S.C. § 1446(c)(2).

In its Notice of Removal, CVS asserts that "there exists original jurisdiction in the District Court of the United States as provided in 28 U.S.C. Section 1332."  (Not. of Removal ¶ 6). According to CVS, complete diversity exists because it is a citizen of Rhode Island, Urstadt is a citizen of Maryland, and Plaintiff is a citizen of New York.  (*Id.* ¶¶ 4-5).  Defendants further assert that the amount in controversy "could exceed" $75,000.00 if Plaintiff's "allegations are ultimately proven." (*Id.* ¶ 6). CVS's hypothesis relies on Plaintiff's allegations that "she sustained severe, serious, permanent and protracted personal injuries" (*id.*); "that she suffered great physical pain and mental anguish, and was rendered sick, sore, lame and disabled and is permanently injury [sic]" (*id.*); and that she was "confined to a hospital and . . . compelled to undergo medical care and treatment and is incapacitated from her lifestyle" (*id.*).  As stated above, Plaintiff's Complaint does not identify an amount in controversy.  *See* Compl. ¶ 80.   CVS provides the Court no other support for its assertion that the amount in controversy exceeds $75,000.

Pursuant to the removal statute, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C.A. § 1446(b)(3). Furthermore, "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." *Id*. at (c)(3)(A). The removal statute "is to be strictly construed." *Quintana v. Werner Enterprises, Inc.,* No. 09-CV-7771, 2009 WL 3756334, at

3

*1 (S.D.N.Y. Nov. 2, 2009) (citing *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 201 (2d Cir. 2001)).

There is no indication in the Notice of Removal or otherwise on this docket of any written response by Plaintiff to any discovery demands, and no "other paper" has been proffered which sets forth the amount in controversy. This Court has also undertaken to review the electronic docket in the state court proceeding. That docket is similarly devoid of any written indication of the amount in controversy. In fact, it reveals that the Complaint and the Notice of Removal are the sole documents on the docket. (*See* Index No. 50218/2021, NYSCEF Doc. Nos. 1-2).  Thus, the only allegation of the amount in controversy is CVS's allegation that "a verdict in this matter could exceed $75,000.00". (Not. of Removal ¶ 6).

"It is well-settled that the Second Circuit has a 'bright line rule' that the 30-day 'removal clock does not start to run until the plaintiff serves the defendant with a *paper* that explicitly specifies the amount of monetary damages sought.'" *Johnson v. Home Depot U.S.A., Inc.*, No. 19-CV-3476, 2019 WL 5287969, at *2 (E.D.N.Y. Oct. 18, 2019) (quoting *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (emphasis added)). Because the Court concludes that Defendants have failed to satisfy their burden of establishing that the amount in controversy exceeds $75,000 and there is no allegation of Plaintiff's service of any paper specifying the amount of damages that would start the 30-day removal clock, this Court holds that removal from state court was improper.  Accordingly, the action is remanded to the state court from which it was removed.

The Clerk is directed to send a copy of this Order to the Supreme Court of the State of New York, County of Westchester, and to close this case.

**SO ORDERED.**

Dated: New York, New York
January 22, 2021

_____
Philip M. Halpern
United States District Judge